# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ARION M. FORD, | |
| Plaintiff, | CIVIL ACTION NO: |
| v. | COMPLAINT |
| FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION | JURY TRIAL DEMANDED |
| Defendant. | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the

confidentiality, accuracy, relevancy" of the consumer information they disseminate.  15 U.S.C. § 1681(b).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Arion M. Ford is an adult individual who resides in the State of Georgia.

6. Defendant First Advantage Background Services Corporation ("First Advantage") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. First Advantage regularly conducts business in the Northern District of Georgia and has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

## FACTUAL ALLEGATIONS

7. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

8. The inaccurate information includes an inaccurate criminal history labeling the Plaintiff as having a felony conviction for theft/stealing and personal identifying information.

9. Specifically, the inaccurate information includes, but is not limited to, a 2013 felony conviction for theft/stealing which does not belong to Plaintiff, but instead belongs to another individual with the same or similar name as Plaintiff.

10. The inaccurate information negatively reflects upon the Plaintiff and misidentifies Plaintiff as a person who was convicted of theft/stealing. It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as being convicted of theft/stealing, because it mixed his criminal history with that of another person.

11. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

12. Plaintiff has applied for and has been denied employment opportunities, including but not limited to, employment opportunities through Adecco USA, Inc. Plaintiff was informed that the basis for the adverse action against him was the inaccurate information that appears on Plaintiff's consumer report with Defendant.

13. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. Had Defendant followed such procedures it would not have falsely reported a felony conviction on Plaintiff's consumer report.

14. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## **COUNT ONE – VIOLATIONS OF THE FCRA**

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

19. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b).

22. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

23. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

By: *Cliff R. Dorsen*
Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax

Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
Justin T. Holcombe

                        Georgia Bar No. 552100
                        jholcombe@skaarandfeagle.com
                        133 Mirramont Lake Drive
                        Woodstock, GA 30189
                        770 / 427-5600
                        404 / 601-1855 fax

                        **FRANCIS & MAILMAN, P.C.**

BY:   */s/ Geoffrey H. Baskerville*_____
           GEOFFREY H. BASKERVILLE
           1600 Market Street, Suite 2510
           Philadelphia, PA 19103
           T: (215) 735-8600
           F: (215) 940-8000
           \* *Pro Hac Vice Forthcoming*

           Attorneys for Plaintiff

Date: April 15, 2019